BLD-072                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3851
_____

LUIS MONTILLA,
                                        Appellant

v.

PRISON HEALTH SERVICES, INC.; PAMELA SUE FRANKLIN; RICHARD
STEFANIC, DR.; ZARO, DR.; BLATT; MCDONALD, DR.; ARIAS, DR.; MIGUEL
SOLOMON, DR.; COUCHI, DR.; BUREAU OF HEALTH CARE SERVICES; JOSEPH
C. KORSZNIAK; JAY LANE, Deputy; DAVID DIGUGLIELMO; MICHAEL
WERENOWICZ, Supt.; MYRON W. STANISHEFSKI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-2218)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2011
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: January 12, 2012 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Pro se appellant Luis Montilla appeals the District Court's order dismissing his

complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  We have

jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Santiago v. Warminster Twp., 629 F.3d 121, 128 & n.4 (3d Cir. 2010). For the reasons discussed below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Montilla, a state prisoner, filed a complaint in the District Court alleging that the defendants[1] violated his Eighth Amendment rights by providing him with inadequate medical care. More specifically, he claimed that while one prison doctor informed him that he needed hip-replacement surgery, other doctors overruled that recommendation and prescribed only physical therapy. Montilla also raised medical malpractice claims under state law.

The defendants filed motions to dismiss, which the District Court granted in full. The Court concluded that Montilla did not "allege sufficient facts to support a plausible claim that the medical defendants intentionally refused to provide medical care in disregard of substantial risk to his health or safety or denied reasonable requests for medical treatment," and therefore dismissed his Eighth Amendment claim. Further, the Court declined to exercise supplemental jurisdiction over Montilla's state law claims. Montilla then filed a timely notice of appeal to this Court.

We agree with the District Court's analysis in full. As the Supreme Court has explained,

---

[1] Montilla sued numerous defendants, who will be treated collectively in this opinion.

2

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Here, Montilla has challenged his doctors' decision to treat his hip condition with only physical therapy. However, while Montilla believes that his condition requires hip-replacement surgery, he acknowledges that the defendants have provided him treatment; we have recognized that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted)). Accordingly, the District

3

Court did not err in dismissing this claim. See generally Johnson v. Doughty, 433 F.3d

1001, 1014 (7th Cir. 2006).[2]

We likewise conclude that the District Court acted within its discretion in

declining to exercise supplemental jurisdiction over Montilla's state law claims. See 28

U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

Finally, we are satisfied that amendment to Montilla's complaint would be futile, and

therefore conclude that the District Court properly dismissed the complaint without

providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d

Cir. 2002).

Accordingly, we will summarily affirm the District Court's order dismissing

Montilla's complaint. See 3d Cir. L.A.R. 27.4; I.O.P.

---

[2] We acknowledge that Montilla alleged that the defendants refused to order surgery in order to save the attendant costs. However, this allegation is entirely conclusory, and therefore does not suffice to state a claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).