CLD-149                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3478
_____

RONALD GOODE,
                                        Appellant

v.

LOUIS GIORLA, Commissioner of Philadelphia Prison System;
MICHELLE FARRELL, Warden of Curran-Fromhold Correctional Facility;
CHIEF MEDICAL OFFICER CURRAN-FROMHOLD CORRECTIONAL FACILITY;
M. SATTERFIELD, Medical Personnel; K. MCKINNEY, Medical Personnel;
PA PATEL, Medical Personnel
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-05603)
District Judge J. William Ditter, Junior
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2016
Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: February 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Ronald Goode appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his § 1983 action.  As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Goode initiated this § 1983 action in 2013 against Louis Giorla, Commissioner of the Philadelphia Prison System, and various other personnel at Curran-Fromhold Correctional facility ("CFCF"), claiming that he was denied adequate medical treatment in connection with a hand injury he suffered while confined as a pre-trial detainee at the facility.[1]

Goode fractured his right hand around 5:00 P.M. on June 23, 2013, after falling from a table in his cell which he used to access the top bunk.  Goode advised a corrections officer of the injury and submitted a sick call request the same day, claiming to be in "serious pain."  Defendant M. Satterfield,[2] a nurse at the Philadelphia Prison System, attended to Goode's injury at approximately 9:00 P.M. on the following day, at

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] At the time of the injury, Goode was awaiting trial on attempted murder and related charges arising from a 2011 incident.

[2] Nurse M. Satterfield is the only remaining defendant in this action.  On September 9, 2014, the District Court granted a motion to dismiss filed by Defendants Louis Giorla, Commissioner of the Philadelphia Prison System, and Michelle Ferrel, Warden of CFCF. On September 29, 2015 the District Court dismissed Physician's Assistant Defendants McKinney and Patel because Goode failed to properly serve them.  We find no error in either decision.

2

which time Goode advised Satterfield that he desired to see a doctor because he believed his hand was broken. Satterfield advised Goode that no doctor was on duty at the time and instead referred Goode to see another nurse or physician's assistant the following day. Satterfield did not otherwise treat Goode's hand, and this is the *only* occasion on which Goode Saw Satterfield in connection with his hand injury.

Goode was seen by Physician's Assistant McKinney about 14 hours after seeing Satterfield, and seen by Physician's Assistant Patel the following day. Ultimately, Goode was diagnosed, and treated, at Temple University Hospital for a fractured second metacarpal bone (bone of the index finger).

Goode filed his initial complaint on October 2, 2013, and on September 29, 2015, the District Court granted Satterfield's motion for summary judgment, dismissing all claims against him with prejudice. Goode filed a notice of appeal from this order on October 13, 2015.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court award of summary judgment and apply the same test the district court should have utilized – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). In applying this test, we must accept evidence presented by the non-movant as true and draw all justifiable factual inferences in his

3

favor. Id.  We may summarily affirm the District Court's award of summary judgment where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

The District Court correctly ruled against Goode's § 1983 claim because Goode failed to present evidence from which any reasonable fact-finder could conclude that Satterfield acted with deliberate indifference.  A deliberate indifference claim, under either the Fourteenth or Eighth Amendment,[3] requires "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993).  This requires proof beyond simple negligence, and "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)).

The District Court accurately characterized Satterfield's conduct as an "inadvertent failure to provide care" or "negligent diagnosis," and accurately observed that a denial or delay of medical treatment becomes actionable only when "it results in unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 103.

Goode's claim against Satterfield rests solely on Satterfield's decision to not *immediately* treat his hand when first seeing him, and to not *immediately* refer Goode to a

---

[3] The District Court analyzed Goode's claim under the Eighth Amendment. As a pre-trial detainee, his claim is more properly analyzed under the Fourteenth Amendment. Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008) ("[W]hen pretrial detainees challenge their conditions of confinement, we must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment.").  The standard is the same under both amendments. Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir.1993).

doctor's care[4] – which apparently would have been impossible, or at least highly burdensome, because no doctor was on staff at the time. Even if a doctor *was* available, however, Satterfield's decision to refer Goode for treatment the following day – instead of treating him immediately – reflects an exercise of professional judgment and, as a consequence, cannot constitute deliberate indifference. <u>Montilla v. Prison Health Servs., Inc.</u>, 457 F. App'x 212, 214 (3d Cir. 2012) (Observing "that courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment.") (internal quotations omitted).

Moreover, an inmate claiming deliberate indifference based on a delay in treatment "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." <u>Hill v. Dekalb Rg'l Youth Detention Ctr.</u>, 40 F.3d 1176, 1188 (11th Cir.1994) (overruled on other grounds). So even if Satterfield's conduct rose to the level of deliberate indifference, Goode's claim would still fail because he has offered no verified medical evidence of any detrimental effect attributable to the delay.

For the reasons stated above, we will summarily affirm the District Court's decision.

---

[4] When asked in his deposition *why* he was suing Satterfield, Goode stated: "The reason why is because I explained to him that it felt like my hand is broke and I would like to see a doctor. He told me that a doctor is not on. And . . . even understanding the policy, the doctor is supposed to be on call 24 hours a day." Plaintiff's Dep., p. 16.